FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

2012 JUN 29 PM 2: 21

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Baltimore District Office 10 S. Howard Street, 3rd Floor Baltimore, Maryland 21201 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | Civil Action No. **ELH12CV1952** |
| HOME DEPOT USA INC., C/O CSC-Lawyers Incorporating Service Company 7 St. Paul Street, Suite 1660 Baltimore, Maryland 21202 | ) ) ) ) ) ) ) | COMPLAINT  JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act as amended ("The ADA") of 2008 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Judy Henderson, a cancer survivor, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Home Depot Corporation unlawfully discriminated against Henderson by failing to reasonably accommodate her disability, cancer, and terminating her because of her disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.  Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendant, Home Depot USA INC., has continuously been doing business in the State of Maryland, Towson (Baltimore County), and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6.  At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Judy Henderson filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning on approximately October 5, 2010 and continuing until the present, Defendant has engaged in unlawful employment practices at its facility in Towson, (Baltimore County) Maryland, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), as follows:

    a. Judy Henderson was employed by Defendant as a part-time cashier, whose primary job duties were to provide friendly customer service, operate a cash register and stock and maintain the appearance of the front end of the store. She has received favorable performance reviews since she began working for the company in 1997;

    b. Henderson, who has battled cancer since 2001, has at all relevant times been a qualified individual with a disability within the meaning of the ADA;

    c. On July 25, 2010 Henderson requested unpaid leave to undergo surgery to remove a tumor;

    d. Defendant initially granted the request but on September 27, 2010 it wrote Henderson informing her that if she did not contact the company to inform it of her status by October 12, 2010 she would be terminated;

    e. On October 5, 2010 Henderson provided Defendant with medical documentation clearing her to return to work on October 25, 2010. A subsequent note extended the return date to October 27, 2010 due to the need for an additional procedure. Defendant did not respond to Henderson's communication;

f. On October 15, 2010 Defendant hired a new cashier to work in the Towson (Baltimore County), Maryland store where Henderson worked. Two other individuals were hired at this location on this date;

g. On October 26, 2010 Defendant terminated Henderson in violation of 42 U.S.C. §§ 12112(a), 12112(b)(5)(A). Defendant told Henderson that the basis for the termination was that no work was available due to a seasonal slowdown in business. Henderson had not been terminated during previous seasonal slowdowns.

9. The effect of the practices complained of above has been to deprive Judy Henderson, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Judy Henderson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of a disability;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, prevent

retaliation against persons who have participated in statutorily protected activities, and eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Judy Henderson by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

D. Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA, and that it will not take any action against employees because they have exercised their rights under that statute;

E. Order Defendant to provide training on the ADA to all employees;

F. Order Defendant to pay Judy Henderson punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability in the workplace;

G. Grant such further relief as the Court deems necessary and proper; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/S
_____

DEBRA M. LAWRENCE
Regional Attorney

/S
_____

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

_____
ERIC S. THOMPSON
Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 962-4270