FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Home Depot USA, Inc. )<br>)<br>Defendant. )<br>) | Civil Action No. ELH 12-cv-01952 |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Home Depot USA, Inc., ("Home Depot" or "Defendant") alleging that Defendant violated Sections 102(a) and 102(b)(5)(A) of Title I of the ADAAA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) by denying Charging Party Judy Henderson a reasonable accommodation and terminating her because of her disability.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the Americans with Disabilities Act as amended.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, and the Americans with Disabilities Act

as amended. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADAAA action, which emanated from the Charge of Discrimination filed by Judy Henderson. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. The Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. The injunctive, posting, and training terms of this Decree shall be limited to Defendant's District 27, as that district is constituted on the effective date of this Decree; except the training requirement shall also apply to the human resources professionals in Defendant's Associate Advice & Counsel Group.

4. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case. Home Depot denies any violation of the ADAAA.

## Monetary Relief

5. Within five days of the execution of the Decree, the EEOC shall provide Defendant with Judy Henderson's current address. Within ten days after receipt of the address, Defendant shall pay a total of $100,000 representing $84,224 in compensatory damages, and

2

$15,776 in back pay to resolve this action. The check will be sent directly to Henderson. A photocopy of the check and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201, Attention Eric S. Thompson. Defendant shall issue Henderson an IRS Form 1099 to document the compensatory damages and an IRS W-2 form to document the backpay on or before the date required by the Internal Revenue Service for the 2012 tax year. The Defendant shall make all legally required withholdings from the backpay amount.

### Injunctive Relief

6. Defendant, its officers, agents, employees and other all persons acting on its behalf and interest hereby are enjoined from violating Title I of the ADA by denying reasonable accommodations to qualified individuals with disabilities or otherwise violating the provisions of Title I of the ADA, and related regulations including the following provision:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to… discharge of employees…. and other terms, conditions, and privileges of employment.

ADAAA, Title I, Section 102(a).

> "Discriminate against qualified individual with a disability" includes:
>
> Not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability…

ADAAA, Title I, Section 102(b)(5).

### Written Policies & Procedures

7. Defendant has in place a medical leave policy allowing for up to one year of unpaid leave. This policy further provides that after one year of unpaid medical leave an employee may receive additional leave as a reasonable accommodation. Defendant agrees to abide by the policy of additional leave as a reasonable accommodation, as applicable. This

provision does not prohibit Defendant from making modifications to its policy, provided the modifications comply with the ADA.

### Notice and Posting

8.  Defendant will display and maintain the EEOC poster in each of its facilities and in a place visually accessible to applicants and employees of the Defendant.

9.  Within 30 days of the entry of this Decree, Defendant will display and maintain in a place visually accessible to applicants, employees and managers a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead and signed by a representative of Defendant.

### Anti-Discrimination Training

10.  Within six months from the entry of this Decree, Defendant shall provide at least 1 hour of training on the ADAAA for all store managers and assistant store managers, the human resources staff in Defendant's Associate Advice & Counsel Group, and the human resources manager for District 27. The training will cover all areas of prohibited ADAAA employment discrimination, but will include special emphasis on reasonable accommodation and the duty to engage in an interactive process. The training will also specifically address the intersection between the ADAAA and other laws, such as the Family and Medical Leave Act. It will likewise address Defendant's medical leave policy discussed in paragraph 7 above. The content of the anti-discrimination training is set forth in Appendix B.

a.  The training shall be conducted by a qualified individual or individuals with experience with laws prohibiting employment discrimination. The individual shall be selected by Defendant and approved by the EEOC. The EEOC shall not unreasonably withhold approval.

Case 1:12-cv-01952-ELH   Document 7   Filed 09/05/12   Page 5 of 10
Case 1:12-cv-01952-ELH   Document 6   Filed 09/04/12   Page 5 of 7

11. Within ten business days of completing this training Defendant will furnish the EEOC with written documentation, including a signed attendance list, confirming that Respondent has complied with the training requirement set forth in paragraph 10 and its subparts.

12. During orientation new employees shall be informed of Home Depot's policy regarding reasonable accommodation and the ability to access the reasonable accommodations policy via the intra-company portal (My Apron).

### Additional Monitoring Provisions

13. EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, its records, and interviews with employees at reasonable times. Upon five business days notice by the EEOC, or within a reasonable period of time thereafter, Defendant will make available for inspection and copying any records requested by the EEOC and employees sought to be interviewed by the EEOC.

14. All materials required by this Decree to be sent to the EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attention: Eric S. Thompson, Trial Attorney
> 10 S. Howard Street, 3rd Floor
> Baltimore, Maryland 21201

15. The Commission and Defendant shall bear their own costs and attorneys' fees.

16. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

_____
Donald R. Livingston (Bar No. 15787)
Akin, Gump, Strauss, Hauer & Feld, LLP
1333 New Hampshire Ave., NW
Washington, D.C. 20036

FOR PLAINTIFF:

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

_____
Debra M. Lawrence
Regional Attorney

_____
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

_____
Eric S. Thompson
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3d Floor
Baltimore, MD 21201

SO ORDERED.

_____Ellen L. Hollander_____   9/5/12
Ellen Lipton Hollander
United States District Judge

Appendix A



# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EQUAL EMPLOYMENT COMMISSION AND HOME DEPOT USA, INC.

The Americans with Disabilities Act As Amended ("the ADAAA") makes it unlawful for an employer to discriminate against any qualified individual because of a disability. This includes discrimination in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. Under the ADAAA, the term "discriminate" includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

The term "reasonable accommodation" may include: granting employees reasonable amounts of unpaid medical leave; making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examination, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities. Home Depot's policy regarding reasonable accommodations, and leave as an accommodation, may be reviewed at the My-Apron intra-company portal.

Therefore, in accordance with the applicable law:

Home Depot USA, Inc., WILL NOT engage in any acts or practices made unlawful by the ADAAA.

Employees or job applicants should report instances of discriminatory treatment to a supervisor, a manager, or human resources employee. Home Depot USA Inc. has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation.

Individuals may also make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's Baltimore Field Office at 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201 or by calling 1-800-669-4000/ TTY (410) 962-6065. General information may also be obtained on the Internet at

_____
HOME DEPOT USA, INC.
Date Posted:

*EEOC v. The Home Depot*

## APPENDIX B: Topics for ADA Training

- Individuals protected by the ADAAA

  An individual may establish coverage under any one or more of the 3-pronged definition of disability:

  - Physical or mental impairment that substantially limits one or more of the major life activities of such individual (Training will discuss)
  - Record of such an impairment (Training will discuss)
  - Being regarded as having such an impairment (Training with discuss)

- "Qualified Individuals with Disabilities"

  - Definition (i.e. The individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position)
  - Determining whether an individual with a disability is "qualified"
  - Explanation of types of discrimination prohibited when one is QID.
  - Requirement to make reasonable accommodation for QID
  - Relationship or association with QID

- Determining whether functions are "Essential"

  - Definition (i.e. fundamental job duties of the employment position the individual with a disability holds or desires)
  - Various reasons a job function may be considered "essential"
  - Evidence of whether a job function is "essential"

2948570v1

- Reasonable Accommodation
    - Examples of types of accommodations, including leaves of absence and extensions of leaves of absence
    - Duty to engage in the Interactive Process
    - Intersection of ADAAA requirements and FMLA requirements
        - HD's Leave SOP
        - HD's Reasonable Accommodation policy and Interactive Process
- Discriminatory treatment prohibited by ADA
    - Definition
    - Examples
    - Hostile work environment

2948570v1